Trumble v. Leavitt.

AFFIRMED.

---

ANNA E. TRUMBLE, ADMINISTRATRIX, APPELLEE, V.
HARRY H. LEAVITT ET AL., APPELLANTS. .

FILED MARCH 1, 1922.   No. 21747.

Appeal: CONFLICTING EVIDENCE. When the evidence conflicts respecting the existence of material facts, and such evidence is fairly submitted to the jury under proper instructions, the verdict will not be set aside unless manifestly wrong.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Affirmed.*

*Tyrrell & Westover*, for appellants.

*J. J. Ledwith* and *Max V. Beghtol, contra.*

Trumble v. Leavitt.

Heard before LETTON, DEAN, DAY and FLANSBURG, JJ., SEARS, District Judge.

SEARS, District Judge.

This is an action for damages resulting from the death of the plaintiff's intestate, George B. Trumble, which death the plaintiff contends was occasioned by negligence on the part of the defendants, the owners of the steam threshing engine in question that the deceased was employed to operate.

The record is quite voluminous, and there were a number of items of claimed negligence charged in the petition, and with a considerable amount of evidence tending to establish each one of the claimed points of negligence in question that were submitted to the jury. No complaint is made but that the issues were fairly presented to the jury by the trial judge. Everything resolves itself down to the question of fact as to whether or not there is a quantum and quality of evidence shown in the record justifying a verdict at all for the plaintiff. This seems to stand out, viz., that under the evidence received on the trial the case could not have been taken away from the jury by the trial judge. It is clear that it is one of those cases that can only be disposed of by submission for the jury's final consideration. It would be without value to discuss the minutiæ of the evidence in the case. There are no questions of law involved, and to discuss the case further than to announce the conclusion reached would seem to serve no good purpose.

The deceased was in early middle life, with a good earning capacity, with a large family of dependents, and a fair disposition toward them. The amount of the verdict is not such that calls for any disturbance by this court, which disposes of the only other remaining point.

AFFIRMED.